James R. COLPITT, Appellee,

v.

Ella Sanders Rabbit **HERRINGTON** and
Maudie Sanders Walden, Appellants.

No. 45615.

Court of Appeals of Oklahoma,
Division No. 1.

Jan. 29, 1974.

Released for Publication by the Court of
Appeals Feb. 21, 1974.

Farmer, Woolsey, Flippo & Bailey, Tulsa, for appellee.

R. M. Helton, Short & Helton, Wichita Falls, Tex., for appellants.

ROMANG, Judge:

The questions presented are whether a Special Judge of the District Court has jurisdiction to try a quiet title action, and to rule on a subsequent motion to vacate the original judgment. It is undisputed that as to both, the trial on the merits and the first motion to vacate, the case was duly assigned by the Chief District Judge of the County to the Special Judge who heard the respective proceedings. It is also undisputed that neither side objected before trial to the case being heard on its merits by a Special Judge, and neither side objected to a Special Judge hearing the first motion to vacate the original judgment.

In the trial on the merits, the Special Judge rendered judgment for the plaintiff, James R. Colpitt, quieting his title to the land involved. The second Special Judge, who heard defendants' first motion to vacate the original judgment, overruled said motion. Thereafter, defendants, Herrington and Walden, filed a second motion to vacate the original judgment, and said motion was overruled by a District Judge of Tulsa County, Oklahoma.

The following excerpts are from the defendants' brief in chief:

"SPECIFICATION OF ERROR

"The trial court erred in refusing to hold that Title 20, § 124 was not autho-

rized by the Oklahoma Constitution, Art. 7, § 8(d) and therefore, unconstitutional. In holding that Title 20, § 124 was constitutional, the trial court ordered, that the motion to vacate the final judgment for lack of jurisdiction, should be overruled. Such order was error.

## "QUESTION PRESENTED

"Is Oklahoma Statute, Title 20, § 124, a constitutionally valid WAIVER statute of the jurisdictional limits of a Special Judge, which is provided for in the Oklahoma Constitution, Art. 7, § 8(h) and Oklahoma Statutes, Title 20, § 123A(1-6)?

## "CONTENTION OF THE PLAINTIFFS IN ERROR

"Title 20, § 124 was not authorized by the Oklahoma Constitution, Art. 7, § 8(d), and for such reason it is unconstitutional.

## "FIRST POINT OF THE CONTENTION

"When a Special Judge exercises the jurisdiction of the District Court, the court has no jurisdiction over an action to quiet title to land or a motion to vacate such judgment."

Defendants set forth six other points of contention, but their position and arguments are more succinctly stated in their reply brief which contains the following:

"The major premise of the brief of the plaintiffs in error is the fourth point:

" 'It [O.S., Title 20, § 124] is unconstitutional because its enactment was not authorized by Art. 7, § 8(h), Oklahoma Constitution.'

"The minor premise of the brief of the plaintiffs in error is the sub-point A of the fourth point:

" '[The] constitutional mandate [of Art. 7, § 8(h)] to the legislature to prescribe a limit [of the jurisdiction of the special judges] is no expressed or

necessarily implied power to *unlimit the limit.*'

"The fifth point is a factual application of the results of points 4 and 4-A to the rule of law stated in the fifth point. As additional authority to the fifth point, which is:

" 'Though the act of a special judge be authorized by waiver by an act of the legislature, if the legislative act be unconstitutional, the act of the judge was ultra vires and therefore, void.' "

Defendants contend that the full extent of the jurisdiction of Special Judges was prescribed by 20 O.S. § 123, and therefore any purported expansion thereof by 20 O.S. § 124 was unconstitutional. In this regard Section 123, subd. A (except for a later amendment as to default matters) and Section 124 were sections 2 and 3 respectively of the same legislative bill (H. B. 1121 of the 1968 Oklahoma Legislature).

Section 2 of said bill, which is now 20 O.S. § 123, subd. A begins with the following words: "Special judges may hear the following actions:" Then the bill sets forth six different categories of proceedings, and the seventh sub-paragraph reads as follows:

"(8) Other actions and proceedings, regardless of court rules, where the parties agree in writing at any time before trial, to the action being heard by a special judge."

Section 3 of the bill, which is now 20 O.S. § 124, reads in its entirety as follows:

"All objections to the determination of an action by a special judge are waived unless made before the trial or hearing begins. No order or judgment is void or subject to collateral attack merely because it was rendered by a special judge."

The Oklahoma Legislature could have provided in Section 2 of the bill that Special Judges may hear quiet title actions as to land. This omission did not preclude the legislature from including quiet title actions in Section 3 of the measure, which

is the effect of 20 O.S. § 124 when the case is duly assigned and no objection is made before trial by either of the parties.

Article VII of the Oklahoma Constitution reads in part as follows:

"§ 7. The District Court shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article, . . .

"§ 8(a) The Judges of the District Court shall be District Judges, Associate District Judges, and Special Judges.

"(d) The District Judges and Associate District Judges shall exercise all jurisdiction in the District Court except as otherwise provided by law.

"(h) The District Judges in each judicial administrative district shall appoint special judges to serve at their pleasure. . . . The jurisdiction of Special Judges shall be limited as may be prescribed by statute."

▮ Whatever the legislature is authorized to do by statute, it may also modify by statute, especially when the modification is a part of the same legislative enactment.

In Finerty v. Williams, 81 Okl. 10, 196 P. 709 (1921), the Oklahoma Supreme Court said:

"All powers not specifically granted to the Congress of the United States or arising by implication therefrom are reserved to states or the people thereof; hence the Legislature does not get its power from the Constitution of this state. The people of the state have, through its Constitution makers, the right to limit the power of the state Legislature, and any limitation on the power of the Legislature should arise only upon specific declarations and should be strictly construed against implied limitations and any doubt arising should be resolved in favor of the power of the Legislature."

In Dobbs v. Board of County Commissioners, 208 Okl. 514, 257 P.2d 802 (1953), the opinion reads as follows:

". . . It is pointed out by defendants that a State Constitution is an instrument of limitations in the powers of the State government, while the Federal Constitution is a limited grant of power. Our Legislature is supreme, except as limited by the express provisions of our State Constitution. If there is any doubt as to the validity of an act of the Legislature the doubt must be resolved in favor of the constitutionality of the act of the Legislature."

In Tate v. Logan, 362 P.2d 670 (Okl. 1961), the Oklahoma Supreme Court stated:

"We do not look to the Constitution to determine whether the Legislature is authorized to do an act but rather to see whether it is prohibited. If there is any doubt as to the Legislature's power to act in any given situation, the doubt should be resolved in favor of the validity of the action taken by the Legislature."

In Bowen v. State, 497 P.2d 1094 (Okl. Cr.1972), the Oklahoma Court of Criminal Appeals held that a Special Judge had jurisdiction to hear a felony case where there was no pretrial objection to assignment of the case. In the opinion of the Bowen case, the court said:

". . . The only constitutional limit on the jurisdiction of a special judge is 'as may be prescribed by statute.' Nothing in the Constitution expressly prohibits a special judge from hearing a felony case.

\* \* \* \* \* \*

"Section 123, subd. A lists specific actions that a special judge 'may hear,' plus 'other actions' where the parties agree in writing. This section is permissive in nature, and it is significant that this section is not phrased in language limiting a special judge's jurisdiction to only the enumerated actions.

\* \* \* \* \* \*

"There can be no question that the district court was the proper forum and had jurisdiction of the subject matter.

There is no question that the special judge was a judge of that court. Neither the Constitution or statutes deprive a special judge of the power to hear an action that is properly brought in the district court where neither party objects before the trial.

\* \* \* \* \* \*

" . . . Thus, if there is no pretrial objection, a special judge may hear any justiciable matter properly before the district court. Since there was no pretrial objection to the assignment of the case to a special judge, we hold the special judge had the authority and power to hear the case."

One of the most widely recognized authorities on the New Judicial Article of Oklahoma, is Professor George B. Fraser, Boyd Professor of Law at the University of Oklahoma. In an article entitled "Oklahoma's New Judicial System" appearing in the November, 1968 Oklahoma Law Review, Vol. 21, No. 4, Professor Fraser said:

"The two most significant changes made by this (judicial) article are: (1) it creates one state trial court of general jurisdiction, and (2) it establishes a unified court system under the supervision and control of the supreme court.

\* \* \* \* \* \*

"Since there will be only one trial court of general jurisdiction, the problem of which court has jurisdiction of an action will no longer exist, and conflicts between courts within a county will no longer be possible.

\* \* \* \* \* \*

"The new Judicial Article provides that the judges of the district court shall be district judges, associate district judges and special judges, and the legislature provided that 'Unless otherwise indicated, the term district judges in the Oklahoma Statutes includes associate district judges and special judges.'

\* \* \* \* \* \*

"Not only are special judges judges of the district court, but the presiding judge of the judicial administrative district may assign them to hear cases anywhere in the judicial administrative district, and the supreme court may assign them to hear cases anywhere in the state.

\* \* \* \* \* \*

"However, neither the constitutional provision nor this statute deprives special judges of the power to hear any other action that is properly brought in a district court where neither party objects before trial to the special judge hearing the case because special judges are judges of the district court.

\* \* \* \* \* \*

"Permitting a party to attack a judgment of a special judge for the first time after the trial is over by an appeal or by a collateral attack on the ground that the action is not one that could be heard by a special judge would frustrate the purpose of the new Judicial Article by reintroducing jurisdictional boundaries. The Judicial Article created one general trial court to prevent such problems from arising. Consistent with this aim, the legislature provided that 'All objections to the determination of an action by a special judge are waived unless made before the trial or hearing begins. No order or judgment is void or subject to collateral attack merely because it was rendered by a special judge.' However, this statute is probably not necessary because the Judicial Article requires such a result."

In another article entitled "Judicial Reform—Work of the Legislature" appearing in the November, 1970 Oklahoma Law Review, Vol. 23, No. 4, Professor Fraser further wrote on the subject as follows:

"Section 123 of Title 20, Oklahoma Statutes (Supp.1969), provides that special judges can hear certain classes of action, . . . However, the provisions in this section are not jurisdictional because the purpose of the new Judicial Article was to create one trial court of general jurisdiction for Oklahoma. Nevertheless, out of an abundance of

caution, the legislature passed Section 124 of Title 20, Oklahoma Statutes (Supp.1969), which provides that a judgment which is rendered by a special judge in an action that is not included in section 123 is not void where no objection to a special judge hearing the action was raised before the trial began.

\* \* \* \* \* \*

"The constitution authorizes the legislature or the supreme court to adopt rules in regard to the orderly division of cases among the various classes of judges, but such statutes or rules cannot affect the power of a judge to hear any kind of case."

 It is our conclusion that 20 O.S. § 124 is not prohibited by the Oklahoma Constitution, either expressly or by implication, and that it is not limited by 20 O.S. § 123, subd. A which was a part of the same legislative enactment.

Affirmed.

BOX, P. J., and BAILEY, J., concur.