**Madeline DICKSON, now Florence, Petitioner.**

v.

**David WINSLOW, Special Judge of the District Court of Tulsa County, Oklahoma, Respondent.**

**No. 50903.**

Supreme Court of Oklahoma.

May 24, 1977.

Ronald A. Skoller, Tulsa, for petitioner.

D. Wm. Jacobus, Jr., Jacobus, Green & Eldridge, Inc., Tulsa, for respondent.

WILLIAMS, Justice.

This is an application by Madeline Florence (formerly Dickson) for this court to assume original jurisdiction and issue a writ of prohibition and/or mandamus preventing the respondent, a Special Judge in the District Court of Tulsa County, from exercising further jurisdiction to a certain case now pending in that county, No. JFD–69–442.

In that case, petitioner was awarded a divorce from Edward N. Dickson and custody of her four children, in 1969, and the defendant was ordered to pay her the sum of $400.00 per month as child support money.

Thereafter both parties re-married. Petitioner has retained her residence in Tulsa, and her former husband now lives in Birmingham, Alabama.

On September 17, 1976, the former husband filed a motion to modify in which he asked that the custody of one of the children, a 13-year old son, be awarded to him. The hearing on this motion was continued once by agreement of the parties, and

thereafter was continued by the respondent, a Special Judge of the District Court, till June 23, 1977.

Thereafter, apparently at the request of the former husband, respondent judge set the motion to modify for hearing on April 15, 1977. On April 14, 1977, petitioner herein filed a motion requesting reassignment of the hearing of defendant's Motion to Modify to a different division of the district court, reciting that petitioner did not consent to the hearing of the motion to modify by respondent, a special judge. On April 15th this motion was overruled, and order was entered by the respondent judge giving the former husband custody of the son until August 22, 1977, with permission to take him to Alabama.

■ In this court, petitioner argues, among other things, that the respondent judge was without statutory authority to rule on the motion to modify.

This argument must be sustained. As it was authorized by Oklahoma Const. Art. VII Sec. 8(h) to do, the Legislature enacted 20 O.S.1974 Supp., Sec. 123, of provision in pertinent part as follows:

"A. Special judges may hear the following actions:

\* \* \* \* \* \*

(7) Any uncontested matter at any stage, whether intermediate or final, in a probate, divorce, domestic relations, custody or support, guardianship, conservatorship, or determination of death proceeding \* \* \*.

(8) Other actions and proceedings, regardless of court rules, where the parties agree in writing, at any time before trial, to the action being heard by a special judge."

20 O.S.1971, Sec. 124, provides in pertinent part as follows:

"All objections to the determination of an action by a special judge are waived unless made before the trial or hearing begins. \* \* \* "

Respondent judge was not authorized to hear the motion to modify by Sec. 123A(7), supra, because it was not an uncontested

matter. He was not authorized to hear it by Sec. 123A(8), because the parties did not agree, in writing, that such might be done. On the contrary, petitioner, as plaintiff in the divorce case, filed her objections in advance of the hearing on the motion to modify, as required by Sec. 124.

■ Counsel for the former husband, representing the respondent judge in this court, suggests that the petitioner is "estopped from questioning the jurisdiction of the Court" because on two occasions before the motion to modify was heard counsel for both parties met in chambers with respondent judge and "stipulated to the facts and law", after which an order was issued. The first occasion, apparently, was when the parties agreed to the first continuance of the hearing on the motion to modify, and the second one was for the purpose of considering a change in the amount of child support money being paid by the former husband. Since the parties "stipulated to the facts and law", these were uncontested matters which respondent judge was authorized to hear under Sec. 123A(7). It is not suggested that there was any "stipulation as to the facts and law" with regard to the motion to modify filed by the former husband; on the contrary, petitioner filed her objections to the hearing of the motion before a special judge in advance of the hearing, as required by Sec. 124.

We hold that the respondent judge erred in proceeding to hear the motion to modify over the objections of petitioner, filed the day before the hearing.

The application to assume original jurisdiction is granted and said respondent is prohibited from exercising further jurisdiction in Case No. JFD–69–442, *Dickson v. Dickson,* in the District Court of Tulsa County.

All Justices concur.