Doris Marie BURK, Appellant,

v.

Phillip J. BURK, Appellee.

No. 49695.

Supreme Court of Oklahoma.

April 4, 1978.

C. H. Spearman, Jr., Edmond, for appellant.

John Chiaf, Oklahoma City, for appellee.

DAVISON, Justice:

This case involves an appeal from the issuance of a divorce decree, and the division of property made in that decree. Appellant, Doris Marie Burk, raises three main questions on appeal:

1. Is the divorce decree entered by the trial court, void, for lack of jurisdiction, since the contested divorce action was tried to a SPECIAL JUDGE, and the parties did not agree in writing to the hearing of the case by a SPECIAL JUDGE?

2. Whether the trial court erred and abused its discretion in making a division of the jointly acquired property.

3. Whether the trial court erred in admitting certain evidence at trial.

We will first consider the jurisdictional question. 20 O.S.Supp.1974, § 123 sets forth the matters that may be heard by Special Judges. The statute provides in part:

"A. Special judges may hear the following actions:

(1)(a) Actions for the recovery of money where the amount claimed does not exceed Five Thousand Dollars * * *

(2) Actions for forcible entry and detainer * * *

(3) Actions for replevin * * *

(4) Misdemeanors, * * *

(5) When there is no district or associate district judge present in the county * * * the issuance of a temporary injunction, restraining order or writ of habeas corpus * * *

(6) Perform the duties of magistrate in criminal cases.

(7) Any uncontested matter at any stage * * *

(8) *Other actions and proceedings,* regardless of court rules, *where the parties agree in writing, at any time before trial, to the action being heard by a special judge.*

B. Special judges shall be authorized to serve as referee in any matter before the district court and to serve as referee in cases on the juvenile docket * * ."
[Emphasis added]

In the case before us, the action tried was not one which comes under the jurisdictional power of Special Judges specifically, nor was there an agreement by the parties *in writing* to have the action tried by a Special

Judge. The parties did however, at the beginning of trial, orally stipulate, through their attorneys that the court had jurisdiction of the matter before it. We note that the attorney, representing the appellant on appeal, did not represent the appellant at trial; he entered the case for the first time at the commencement of the appeal. No objection to jurisdiction of the court was made prior to trial or during the trial. On the contrary, the only objection to jurisdiction was filed after the trial court had entered its decree, when appellant filed an objection to jurisdiction along with her motion for new trial. The specific jurisdictional question thus presented is:

May a litigant attack the validity of a divorce decree entered in a contested divorce proceeding, tried to a Special Judge, when no objection was made to the trial of the case by a Special Judge until after trial and after the decree had been entered, and in which the parties, speaking through their attorneys, had stipulated the court had jurisdiction at the beginning of trial?

■ We hold that appellant, by failing to make objection to the trial of the case by a Special Judge, waived any such objections, and therefore may not successfully attack the validity of the decree entered, as 20 O.S.1971 § 124 provides that all objections to a determination of an action by a Special Judge are waived if no objection is made before trial or hearing. That statute provides:

"All objections to the determination of an action by a special judge are waived unless made before the trial or hearing begins. No order or judgment is void or subject to collateral attack merely because it was rendered by a special judge."

■ When read together, 20 O.S. §§ 123 and 124 may be construed in the following manner. Section 123 establishes the type of cases and actions in which Special Judges have jurisdiction to act. The Legislature's designation of Special Judges' jurisdiction is not contra to the Oklahoma Constitution, as Article 7, Section 8 of the Constitution provides in part that: "The jurisdiction of Spe-

cial Judges shall be limited as may be prescribed by statute." Section 124 of Title 20, as quoted above, does not alter the jurisdiction of Special Judges; rather, that Section limits the time in which a party may object to the jurisdiction of a Special Judge to consider a certain matter—if objections on that ground are not made prior to trial or hearing, they are forever waived.

■ Viewing the statutes in this light, there is no real conflict between provisions of 20 O.S. § 124, and the provisions of 20 O.S. § 123 A(8), which provides that Special Judges may hear "Other actions and proceedings, regardless of court rules, where the parties agree in writing, at any time before trial, to the action being heard by a special judge."

Appellant contends that there is a conflict between the two provisions, as one requires a written agreement to confer jurisdiction, and the other statute confers jurisdiction by failure to act. As mentioned above, this is not the case; the first statute, Section 123, establishes the jurisdiction, whereas Section 124 does not, it merely limits the manner in which jurisdictional defects, by virtue of a Special Judge's consideration of a matter, may be raised.

As no objection to the consideration of the case by a Special Judge was made prior to trial, in the case before us, appellant, by virtue of 20 O.S.1971 § 124, waived all jurisdictional objections arising from the case being tried to a Special Judge. Accordingly, we hold that objection to jurisdiction was untimely and the jurisdictional defects do not furnish grounds for reversal or modification of the decree of divorce.

■ Appellant, in raising the jurisdictional issue, also argues that as a matter of course, divorce actions filed in Oklahoma County are assigned to Special Judges when no written agreement to their handling of the cases has been entered, and that such assignment on a regular basis is contra to the intent of the statute. Appellant argues that this practice puts an undue burden upon litigants, as such a practice requires them to object, and if they object, it gener-

ally postpones the consideration of their case, as the case must then be reassigned to District or Associate District Judges. Though such an assignment practice by the District Court in Oklahoma County may be contra to the spirit of the above discussed statutes, such a practice alone does not constitute grounds for reversal, unless prejudice by virtue of delay or reassignment is clearly shown in the record. Evidence of such prejudice is not even suggested by the record before us. The assignment practice in this case will therefore not afford grounds for reversal.

We next consider the division of jointly acquired property in the decree. The evidence at trial demonstrated that the Burks, during their marriage, had jointly acquired a homestead and surrounding land, a commercial piece of property located in Oklahoma City (used as a mobile home lot), a small tract of land by Lake Eufaula, another small tract of land in Colorado, various household items and items of personal property, and various sums of money in different bank accounts. The court, in dividing the property, awarded the homestead, together with all its furnishings, to Ms. Burk, awarding the business property to Mr. Burk, together with the land in Colorado, the land on Lake Eufaula, and various items of personal property, including a boat and motor, and a trailer home located on the business property. The evidence also demonstrated that Mr. Burk lost approximately $20,000.00 that the couple had in a bank account—he testified that he had lost the money in a poker game while on a business trip to Denver, and after having had too much to drink. Additionally, it was established that Mr. Burk brought much more into the marriage than his wife, and that he was in very poor health, suffering from a serious cardiovascular condition, which after surgery for replacement of major arteries, made it very difficult for Mr. Burk to work.

Ms. Burk, on the other hand, though she complained of some slight arthritic pain in her hands, testified that she was capable of working.

There was varying testimony as to the value of the properties involved, both the husband's testimony, and that of an independent appraiser would lead to the conclusion that the homestead and its contents comprised the bulk of the estate, whereas evidence presented by Ms. Burk and a real estate broker, who was not an independent appraiser, would indicate that the commercial property given to the husband was much more valuable. We note here that Ms. Burk was also awarded alimony in lieu of property settlement in the amount of $5,000.00. In light of the physical condition of the litigants, the parties' position on entering the marriage, and the conflicting testimony as to evaluation, we cannot say that the trial court abused its discretion in making a division of the jointly acquired estate. Accordingly, we affirm the division decreed by the court.

Lastly, we consider two additional errors asserted by appellant. Appellant urges that the court erred in admitting evidence which tended to show separate contributions made by Mr. Burk to specific purchases of property. As no objection was made at the time of trial, the objection cannot be made for the first time on appeal. We would note here, as noted above, that the attorney representing appellant in the appeal was not the attorney who tried the case below.

In her brief, appellant notes that despite the fact that Mr. Burk testified that there was no insurance money from claims arising out of damage to personal property located at the commercial lot, a post-judgment hearing has shown that in fact insurance money was due, and appellant seeks an equitable division of the policy proceeds. There is however, nothing in the record to substantiate these allegations, and accordingly, we cannot consider them.

For the above stated reasons, we hold that the decree of divorce issued by the trial court to be valid, and we affirm the division of property set forth in that decree.

AFFIRMED.

All the Justices concur.