**Peggy PUTNAM, Petitioner,**

v.

**The Honorable William R. SAIED, Judge of the District Court of Oklahoma County, Oklahoma, and Honorable James L. Gullett, Associate District Judge of the District Court of Oklahoma County, Oklahoma, Respondents.**

No. 52788.

Supreme Court of Oklahoma.

Dec. 19, 1978.

John B. Ballard, II, Midwest City, for petitioner.

Thomas A. Massey, Oklahoma City, for respondents.

SIMMS, Justice:

This application for assumption of original jurisdiction and writ of prohibition presents a novel question concerning matters which may be heard by a Special Judge. After a Special Judge has heard and determined a motion to modify child support obligations and an order of modification has been entered, is additional waiver of objections or agreement of the parties necessary for that Special Judge to hear a citation for indirect contempt filed to enforce compliance with the order?

We assume original jurisdiction.

Petitioner, Peggy Putnam, was the plaintiff in a divorce action filed in Oklahoma County District Court. A judgment granting her divorce against Defendant Joe Putnam was entered in 1973 by District Judge Jack Parr. Under that decree defendant was ordered to pay plaintiff child support in the amount of $100.00 per month. In May, 1977, petitioner filed a motion to modify the terms of that judgment seeking, among other things, an increase in child support to be paid by defendant.

Without objection of either party, Special Judge Jon L. Hester heard and determined the motion and entered an order increasing defendant's child support obligation to $200.00 per month.

Subsequently, defendant filed a motion to reconsider requesting Judge Hester to re-

duce the child support to the original amount. Upon reconsideration, Judge Hester ordered the payments to remain at $200.00 per month as ordered. Defendant filed another motion to reconsider which was also unsuccessful. No appeal was taken.

On July 10, 1978, petitioner filed an application for citation of contempt against defendant alleging that he had willfully failed to pay child support as ordered by Judge Hester. Judge Hester issued citation for contempt and ordered defendant to appear on July 19, 1978, for hearing on the citation. That hearing was continued twice and was finally set for September 11, 1978, at which time defendant appeared and objected to Judge Hester hearing the citation pursuant to 20 O.S.1971, § 124.

The matter was then transferred to District Judge William Saied, Respondent herein, who assigned the matter to Respondent Acting Associate District Judge James Gullett for hearing. Thereupon, petitioner filed this application for prohibition to prevent Respondents from proceeding further and to return the contempt proceeding to Special Judge Hester for hearing and determination.

In this Court, petitioner contends that Judge Saied's order is an abuse of judicial power and an unauthorized application of judicial discretion. She asserts that defendant, having waived objection to Judge Hester hearing the motion and entering the order therein, is now estopped from objecting to Judge Hester's power to enforce that order.

Attorneys for defendant Joe Putnam, appearing on behalf of Respondents, contend that the transfer of the action away from Judge Hester was in exact compliance with 20 O.S.Supp.1973, § 123; and 20 O.S.1971, § 124; the contempt action was contested, defendant did not agree that Judge Hester could hear it, and filed objection to his hearing the matter prior to the beginning of the hearing.

Relevant portions of those statutes are set forth here.

§ 123 provides:

"A. Special judges may hear the following actions:

\* \* \* \* \* \*

(7) Any uncontested matter at any stage, whether intermediate or final, in a probate, divorce, domestic relations, custody or support, guardianship, conservatorship, or determination of death proceeding, except that nonlaywer special judges may not hear such matters.

(8) Other actions and proceedings, regardless of court rules, where the parties agree in writing, at any time before trial, to the action being heard by a special judge."

§ 124 provides:

"All objections to the determination of an action by a special judge are waived unless made before the trial or hearing begins. No order or judgment is void or subject to collateral attack merely because it was rendered by a special judge."

Respondents cite and rely on *Dickson v. Winslow*, Okl., 565 P.2d 12 (1977), to support their position. That decision is clearly distinguishable from the instant case, however, In *Dickson*, we held that under §§ 123, 124, a Special Judge could not hear a contested motion to modify where the parties had not agreed that such might be done and one party had filed her objections in advance of the hearing.

Here the parties had waived objections to the Special Judge's determination of the contested motion to modify and the only question is whether the Special Judge had the power to enforce the order he previously entered in the absence of defendant's waiver or agreement of same.

We decide that such waiver or agreement is unnecessary and that the belated objection of defendant did not affect Judge Hester's power to hear the citation for contempt of court.

Article II, Sec. 25, Oklahoma Constitution provides:

"The Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt:
\* \* \* \*"

In obedience to this constitutional mandate, the legislature defined indirect contempts in 21 O.S.1971, § 565 as follows:

"* * * Indirect contempts of court shall consist of wilful disobedience of any process or order lawfully issued or made by court; * * *"

See: *Best v. Evans,* Okl., 297 P.2d 379 (1956).

The order modifying the decree of divorce was entered without objection by the parties; Judge Hester had proper jurisdiction of the parties and the subject matter and the order was in all respects lawful.

In the early case of *Smith v. Speed,* 11 Okl. 95, 66 P. 511, it was held:

"The enforcement of the judgments and orders of the court in proper cases carries with it the equal power to punish for a disobedience of such orders, and the inquiry as to *the question of disobedience has been, from time immemorial, the special function of the court whose order has been so disobeyed.*" (E.A.)

We conclude that Special Judge Hester had judicial authority to hear the contempt proceeding even though defendant refused to agree to same and objected pursuant to §§ 123, 124.

WRIT OF PROHIBITION GRANTED.

HODGES, C. J., LAVENDER, V.C.J., and WILLIAMS, IRWIN, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.