John Dermott McCONNELL, Petitioner,

v.

Charlie Y. WIER, Associate District
Judge of Oklahoma County,
Respondent.

No. 53086.

Supreme Court of Oklahoma.

June 12, 1979.

Jack W. Lawter, Oklahoma City, C. H. Spearman, Jr., Edmond, for petitioner.

Bay, Hamilton, Lees, Spears & Verity, Oklahoma City, for respondent.

SIMMS, Justice:

On December 7, 1970, petitioner and wife obtained a decree of divorce in the District Court of Oklahoma County before the Honorable Harold Theus, District Judge. Subsequently a Family Court Division of the Oklahoma County District Court was created and Judge Theus ceased the adjudication of domestic relations cases, but rather, was assigned to the Criminal and Civil Division of the District Court.

The wife filed an application to reduce child support arrearage to judgment on October 20, 1978. Because Judge Theus was no longer presiding over divorce-related matters, the application for arrearage was assigned to Special District Judge Jon L.

Hester, who executed an order setting the application for hearing and directing a certified copy of the order setting the time for hearing, together with a copy of the application, be served on the petitioner. Petitioner was personally served by the Sheriff of Jackson County, Missouri.

Counsel for petitioner filed a Special Plea to Jurisdiction predicated upon Special District Judge Hester's alleged lack of authority to issue the order giving notice of hearing in the post-decree proceedings. Additional objection was made to Special District Judge Hester hearing the *contested* domestic relations case. The matter was then assigned to Respondent Associate District Judge who, without question, is empowered to exercise jurisdiction in the matter.

Petitioner argues that the notice issued by the Special District Judge was extra-judicial, therefore void, and fails to comport with fundamental due process requirements.

Pursuant to the provisions of Art. VII, § 7, Okla.Const., there is but a single district court or trial tribunal, which "shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article * * *." Art. VII, § 8(a), provides: "The Judges of the District Court shall be District Judges, Associate District Judges, and Special Judges. Reading further, Art. VII, § 8(h), tells us that "[t]he jurisdiction of Special Judges shall be limited as may be prescribed by statute." A clear reading of our Constitution tells us that there is but one *nisi pruis* court in Oklahoma's state judicial scheme, however, that one court has three classifications of judges, one of which is subject to particular limitations of authority imposed by the legislature.[1]

Title 12, O.S.1971, § 1271, provides: "The *district court* may grant a divorce * * *." We find nothing in § 1271 which

divests any category of district judge from entertaining a divorce matter. Special District Judges, therefore, do have authority to hear divorce matters subject to certain statutorily imposed exceptions enumerated in 20 O.S.Supp.1978, §§ 123, 124. In essence, these statutes authorize Special District Judges to entertain domestic relations and child support matters at any stage if they are uncontested, or contested matters if the parties agree in writing to submit the matter to the Special Judge. In either event, under the express provisions of § 124, supra, "All objections to the determination of an action by a Special Judge are waived unless made before the trial or hearing." See: *Burk v. Burk, Okl., 577 P.2d 65 (1978); Dickson v. Winslow, Okl., 565 P.2d 12 (1977)*. We conclude that a Special District Judge has authority to hear and determine a domestic relations or child support matter unless or until objection to his entertaining same be timely made, unless the assignment to the Special District Judge would thereby prejudice one of the parties. *Burk v. Burk, supra.*

We specifically adopt and approve the reasoning of our Court of Appeals in *Colpitt v. Herrington, Okl.App., 519 P.2d 553 (1974)*, and compare the writings of Professor George B. Fraser in his articles on "Oklahoma's New Judicial System", Oklahoma Law Review, Vol. 21, No. 4; and "Judicial Reform—Work of the Legislature" appearing in the November, 1970, Oklahoma Law Review, Vol. 23, No. 4.

Having concluded that Special District Judges are not precluded by either Constitution or statute from exercising judicial power in divorce cases, absent objection, we then move to the issue of notice.

Title 12, O.S.Supp.1973, § 1272.2, reads: "A court may exercise personal jurisdiction over a person, whether or not a resident of this state, who lived within this state in a marital or parental rela-

---

1. The District Courts of this State have unlimited jurisdiction, and the judicial power to exercise this unlimited jurisdiction is unrestricted as to District and Associate District Judges, however, the Legislature has imposed limita-

tions, which may be waived, upon the judicial authority of Special District Judges, which limitations are non-judicial. 20 O.S.Supp.1978, § 124 infra.

tionship, or both, as to all obligations for alimony and child support where the other party to the marital relationship continues to reside in this state. *When the person who is subject to the jurisdiction of the court has departed from the state, he may be served outside of the state by any method that is authorized by the statutes of this state."* (*E.A.*)

The giving of notice and attendant compliance with due process is apparently predicated upon 12 O.S.1971, § 1701.03, which reads:

"(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(7) Maintaining any other relation to this state or to persons or property *including support for minor children* who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States." (E.A.)

Our Legislature has made provisions for the manner of obtaining service outside our state in 12 O.S.1971, § 1702.01:

"(a) When the law of this state authorizes service outside this state, the service may be made

(5) *as directed by the court."* (*E.A.*)

As hereinabove noted, the Special District Judge ordered a certified copy of his order setting the matter for hearing together with a copy of the application to reduce the arrears to judgment be issued by the Clerk of the Court, all in compliance with 12 O.S.1971, § 28.[2] The Special District Judge, having authority to hear the application absent objection, certainly had the authority to cause the notice be issued. Because the notice stated the time, place, and purpose of the hearing, so that petitioner could attend and express his views, the function of notice is complete.[3]

Petitioner cites no authority which retroactively negates the validity of a notice otherwise properly given. The mere transfer of the case from one category of Judge to another category of Judge, both of the same court, has no effect upon the validity of the notice.

APPLICATION TO ASSUME ORIGINAL JURISDICTION GRANTED. WRIT OF PROHIBITION DENIED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

HODGES, J., dissents.

**2.** 12 O.S.1971, § 28, mandates that "All writs and orders for provisional remedies and process of every kind shall be prepared by the party or his attorney who is seeking the issuance of such writ, order, or process and shall be issued by the Clerks of the several courts."

**3.** *First Natl. Bank v. Okla. Sav. & Loan Bd., Okl., 569 P.2d 993 (1977).*