**Erich H. BRUCH, Appellee,**

v.

**Betty Jo BRUCH, Appellant.**

No. 52607.

Court of Appeals of Oklahoma, Division No. 1.

April 1, 1980.

Released for Publication by Order of Court of Appeals May 1, 1980.

Chiaf & Murphy by John Chiaf, Oklahoma City, for appellee.

Bob G. Carpenter, Oklahoma City, for appellant.

ROMANG, Judge:

This is a divorce case. The Divorce Decree is dated June 9, 1978, and it reads in pertinent part:

[T]he plaintiff, ERICH H. BRUCH, appeared in person and by his attorney, CARROLL SAMARA, and the defendant, BETTY JO BRUCH, appeared not; and the Court finds that the defendant was duly and legally notified of the pendency of this cause more than twenty days prior to this date by service by publication, and the Court approves said publication service and finds that the defendant has failed to appear, answer or demur, and is adjudged to be in default; whereupon, the Court orders that this cause be set for immediate trial on this date;

\* \* \* \* \* \*

That of said marriage no children have been born and none are expected;

That since said marriage the defendant has been guilty of extreme cruelty and gross neglect of duty towards plaintiff, and the parties have become and are now incompatible, all as alleged, by reason thereof he is entitled to a divorce.

\* \* \* \* \* \*

IT IS THEREFORE ORDERED ADJUDGED AND DECREED BY THE COURT that the plaintiff, ERICH H. BRUCH, be and is hereby granted a divorce from the defendant, BETTY JO BRUCH, . . . .

In addition in said Decree, plaintiff was awarded all the property of the parties. The Decree is signed by a District Judge, Judge S, of Oklahoma County.

Notwithstanding the recitations in said Decree, the defendant had filed an Answer and Cross–Petition on June 8, 1978, and she was not in default. In her Cross–Petition, defendant asked for a divorce and sought the payment of temporary alimony, an attorney's fee and costs. On that same date, June 8, 1978, a Temporary Order was issued to plaintiff for the payment of temporary

alimony, an attorney's fee and court costs. The last paragraph of the order states that if plaintiff takes issue, a hearing will be held on June 26, 1978. Said Temporary Order was signed by a Special Judge, Judge W, of Oklahoma County.

On June 15, 1978, according to the Appearance Docket, defendant filed a Motion to Vacate the Decree.

A hearing was held on June 26, 1978, before Special Judge Michael J. Tullius who, at that time, vacated the Decree and set this case for hearing on June 30, 1978.

The transcript of the hearing before Special Judge Tullius on June 30, 1978, reflects the following:

THE COURT: This matter comes on for hearing on the merits pursuant to a Motion to Vacate a Decree previously entered in the case. The Motion was heard–

MR. SAMARA: June the 26th.

THE COURT: –June 26, 1978, wherein the Court vacated the Decree on a finding that one day prior to the Decree being entered, an Answer had been filed in the case. But at the time the Decree was entered, that fact was not known to the judge who entered the Decree because of docketing procedures. Thereafter, and on the 26th of June, I vacated the Decree and set it today at 1:30 for hearing.

Is the Plaintiff ready?

MR. SAMARA: Plaintiff is present and ready, Judge.

THE COURT: Is the Defendant ready?

MR. CARPENTER: No, your Honor, the Defendant is not ready.

THE COURT: Why not?

MR. CARPENTER: Defendant first would ask the Court for a continuance in this matter insofar as we have not had ample time to prepare. . . . We'd ask the Court, in alternative of continuance, we would object to the jurisdiction of the Special Court.

THE COURT: Well, the Motion for Continuance is overruled. The Motion to

Object on the grounds of a Special Judge is overruled.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: I am finding, based on the fact that you filed a Motion to Vacate in front of me, the assigned judge, and was granted relief on that motion, and for the further reason that your client is not here for reasons probably not your own fault. At least, it would appear that she's just not going to show up. It leads me to believe that her Motion initially was frivolous and without merit and that she does not intend to present herself and prosecute the case and am of the belief that the Motion to Vacate—the ruling on the Motion to Vacate should itself be vacated and the Divorce Decree herein reinstated. That will be the order of the Court.

Thus, the default Divorce Decree of June 9, 1978, was reinstated.

Defendant has appealed. Her first proposition of error is:

The trial judge erred in overruling Defendant's objection to the special court's jurisdiction.

In *McConnell v. Wier*, Okl., 596 P.2d 547, the Supreme Court of Oklahoma held:

Special District Judges, therefore, do have authority to hear divorce matters subject to certain statutorily imposed exceptions enumerated in 20 O.S.Supp.1978, §§ 123, 124. In essence, these statutes authorize Special District Judges to entertain domestic relations and child support matters at any stage if they are uncontested, or contested matters if the parties agree in writing to submit the matter to the Special Judge. In either event, under the express provisions of § 124, supra, "All objections to the determination of an action by a Special Judge are waived unless made before the trial or hearing." See: *Burk v. Burk, Okl., 577 P.2d 65 (1978); Dickson v. Winslow, Okl., 565 P.2d 12 (1977).*

■ Here, the divorce is contested with both parties seeking a divorce, and they did not agree in writing to submit the matter to the Special Judge. Defendant's counsel objected to the Special Judge hearing the matter before any evidence was adduced and before any ruling was made on June 30, 1978, which was the date set for hearing the case on its merits. We hold that the objection was timely made, and that the Special Judge was thereafter without authority to proceed in this divorce matter.

■ We further hold that even in the absence of timely objection, the Order vacating the Order that vacated the default Decree of June 9, 1978, could not somehow transform a void Decree into a valid Decree. Said Decree was entered in the first place by mistake and in violation of procedural due process, and thus it was void.

In view of the foregoing, the orders of the Special Judge of June 30, 1978, are hereby reversed and this case is remanded for trial on its merits before a District Judge or an Associate District Judge.

REVERSED AND REMANDED WITH DIRECTIONS.

REYNOLDS, P. J., and BOX, J., concur.