205 Okla. 311 (1951)
237 P.2d 903
In re FLYNN'S ESTATE.
FIRST NAT. BANK & TRUST CO. OF OKLAHOMA CITY et al.
v.
FLYNN et al.
No. 34716.
Supreme Court of Oklahoma.
November 13, 1951.
Richardson, Shartel & Cochran, Oklahoma City, for plaintiff in error First National Bank & Trust Co. of Oklahoma City.
Hugh F. Owens, Oklahoma City, guardian ad litem for plaintiff in error Streeter B. Flynn, Jr.
Rainey, Flynn, Green & Anderson, Oklahoma City, for defendants in error.
ARNOLD, C.J.
This is an action wherein Olney F. Flynn and Streeter B. Flynn, as trustees, seek an order authorizing and directing the First National Bank & Trust Company of Oklahoma City as co-trustee to invest certain trust funds in accordance with the *312 present trust investment section of the statutes, Title 60 O.S. 1949 Supp. § 161.
Addie M. Flynn, creator of the trust involved herein by will, died in April, 1929. By the terms of her trust the income therefrom was to be divided equally between three life tenants (her children), and at the death of the survivor thereof the corpus of the trust was to be distributed among her grandchildren. The investment powers of the trustees were broadly defined as follows: "To hold, invest, re-invest, and collect the income ... ."
When this trust was created trust investments were, by 60 O.S. 1941 § 175.46, limited to: Loans secured by real estate or other sufficient collateral security, government bonds, municipal bonds, state, county, and school district bonds, and shares in building and loan associations. In 1949 the Legislature repealed section 175.46, supra, and enacted 60 O.S. 1949 Supp. § 161. Under this section the trustee, unless otherwise validly restricted, can invest in any form of property "in which an individual may invest his own funds", so long as he adheres to the following standard prescribed therein:
"In making investments, the trustee shall exercise the judgment and care in the circumstances then prevailing, which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital."
The individual trustees alleged that prior to the enactment of the trust investment section above referred to, section 161, trustees were restricted to investments in above securities; that the return on such investments has gradually decreased since the creation of the instant trust and that the corpus is shrinking in relation to the purchasing power of the dollar due to inflation; that the individual trustees had requested the corporate trustee to join with them in the investment of a portion of the funds in well-managed investment trusts, in bonds and debentures of well-managed public utilities and industrial corporations, and well-seasoned common and preferred stocks of corporations having good earnings and paying regular dividends, and that the corporate trustee had refused. The petition further alleged that such investments were being made by prudent men in the community when making investments of their savings with a view to safety and probable income. The individual trustees prayed for an order authorizing and directing the corporate trustee to join with them in the investment of such funds as the trustees may deem proper in securities of the class above described.
The corporate trustee answered, admitted all the facts contained in the petition, but alleged that said trust investment statute did not authorize the trustee to make the proposed investments for the following reasons: (1) The trust instrument did not authorize the trustees to invest in such securities; (2) investment in trust investment shares would constitute an illegal delegation by the trustees of their power and duty to invest trust funds; (3) the statute was enacted after the creation of the trust and is therefore inapplicable.
The evidence amply sustains the trial court in its finding: "That prudent men, in accordance with the statutory standard, are at the present time investing in stocks and obligations of corporations and in shares of investment trust companies." The trial court authorized the trustees to invest a portion of the trust funds in the securities mentioned in the petition upon condition that "they exercise in making such investments the judgment and care which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital."
The authority of the Legislature extends to all rightful subjects of legislation *313 not withdrawn by the Constitution or in conflict therewith. The subject matter treated under section 161, supra, to wit: the power of otherwise unrestricted trustees in making investments of trust funds is a proper subject of legislation and no part thereof offends any provision of the Constitution. The Legislature had the power to broaden the field of investments by trustees. Since the effective date of said section the so-called "prudent man rule", established by judicial precedent in Massachusetts and followed in other states, is the law of Oklahoma, though the powers of otherwise unrestricted trustees are extended thereby to investments whereby control of the trust funds is lost to the trustee.
It is, however, contended that said section, supra, has no application to the trust involved herein since it was created prior to the statute's passage and that although the trustees' powers insofar as the instant trust is concerned are broad: "To hold, invest, re-invest, and collect the income, ..." the trustees should be confined in the making of future investments to those prescribed by our statute in effect in 1929 when the trust became operative.
Though Mrs. Flynn no doubt knew that the power of investment of her trustees would necessarily be restricted by the law in force, we see nothing that indicates that she intended that her trustees should be restricted to the powers then obtaining under the laws of Oklahoma at the time her trust became operative. She used broad terms in defining the powers of her trustees, made no restrictions, and made no reference to the statute, which indicates that she intended that if the powers of the trustees should be broadened by statute, her trustees' powers would be likewise broadened.
Unless a trustor specifically restricts the power of his trustee in investing trust funds the trustee is governed by the law in force at the time the investment is made. City Bank Farmers Trust Co. v. Evans, 5 N.Y.S.2d 406-409; Application of Arms, 81 N.Y.S.2d, 246, 249; Reiner et al. v. Fidelity Union Trust Co. et al. 126 N.J. Eq. 78, 8 Atl.2d 175; Citizens' National Bank v. Morgan et al., 94 N.H. 284, 51 Atl.2d 841.
Affirmed.