362 P.2d 670 (1961)
Tom TATE, Plaintiff,
v.
Burton LOGAN, State Budget Director of The State of Oklahoma, Defendant.
No. 39639.
Supreme Court of Oklahoma.
June 2, 1961.
Tom Tate, pro se.
Joseph E. Mountford, Miami, Okl., for plaintiff.
Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., for defendant.
*671 WILLIAMS, Chief Justice.
Tom Tate, a member of the House of Representatives of the Twenty-eighth Legislature of the State of Oklahoma, plaintiff, in this original proceeding prays for a writ of mandamus to order and command Burton Logan, State Budget Director, defendant, to recognize, audit and allow his claim for mileage for "necessary travel" from Hominy, his home, to Oklahoma City and return (236 miles). Plaintiff contends such trip was necessary to the performance of his official duties. Defendant denies the existence of authority on his part to allow the claim, Mr. Tate having already been paid mileage for one trip from his home to Oklahoma City and return at the beginning of the present session of the Legislature.
Plaintiff's claim was properly sworn to and was approved by the principal officer of the House of Representatives. Defendant, however, disallowed the claim, because plaintiff had been paid already for one trip.
Preliminary to a discussion of the immediate point involved herein we note that by Section 36 of Article V of the Constitution of Oklahoma, provision is made that "The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever;" that by Section 26 of such Article "The members of the Legislature shall meet at the seat of government * * *"; that by provision of Section 1, Title 73 O.S. 1951, "The seat of government and capitol of the State of Oklahoma shall *672 be and is hereby established at Oklahoma City, in the county of Oklahoma, in said state * * *"; that by Section 27 of said Article V, of said Constitution it is specified, "The Legislature shall hold regular biennial sessions as herein provided, but this shall not prevent the calling of a special session of the Legislature by the Governor."
Now, to the question in this case. Section 21 of said Article V of our State Constitution provides that members of the Legislature, during either a regular or special session thereof, are entitled to receive in addition to the presently authorized salary and/or per diem:
"ten cents per mile for every mile of necessary travel in going to and returning from the place of meeting of the Legislature, on the most usual route, and shall receive no other compensation."
In Dobbs v. Board of County Commissioners, 208 Okl. 514, 257 P.2d 802, 803, we said:
"In passing upon the constitutionality of an act of the legislature all pertinent sections of the constitution should be considered together in arriving at a correct interpretation."
After said Section 21 of Article V was amended by a vote of the people in 1948 the aforesaid mileage provision remained as it had been since statehood. The amendment granted the members of the legislature a salary and increased their per diem.
The Twenty-eighth Oklahoma Legislature shortly before plaintiff's said claim was filed enacted House Bill No. 849, with emergency clause attached effective as of April 7, 1961, the title of which Act is as follows:
"An Act vitalizing Section 21 of Article V of the Constitution of the State of Oklahoma relating to compensation of members of the Legislature; authorizing monthly salary when Legislature not in session; fixing daily pay during sessions and limiting such pay to a certain number of days: limiting authorized mileage pay to one trip each week from members' home to place of meeting of Legislature and return; providing that members living in and elected from the county where Legislature meets shall not be paid mileage; and declaring an emergency."
In part, as is pertinent to our consideration of the issue now before this Court, such House Bill provides:
"* * * Mileage shall be paid at the rate of ten (10) cents per mile for the number of miles necessarily and conveniently traveled by the most usual and feasible route to be present upon convening of the sessions of the Legislature by such member in each and every trip during each session in going to and returning from the place of meeting of the Legislature; Provided, that the number of such trips shall not exceed one for each week the Legislature is actually in session * * *."
On February 13, 1961, House Resolution No. 523 was adopted by the Oklahoma House of Representatives. It is as follows:
"A House Resolution stating that it is the policy of the House of Representatives for members to return to their districts on weekends to report to and consult with constituents concerning Legislative matters.
"Whereas, sound legislation requires that each member of the House of Representatives be informed of the views and opinions of his constituents in order to adequately and correctly carry out their will in legislative matters; and
"Whereas, it would be inconvenient and impractical for each constituent to have to come to the Capitol to discuss legislation with his Representative. It is therefore important for each legislator to be available in his home district to personally consult with his constituents on the weekends during the Session.

*673 "Now, therefore, be it resolved by the house of Representatives of the Twenty-eight Legislature:
"That, it is the policy of the House of Representatives of the Twenty-eighth Session of the Oklahoma Legislature that it is beneficial in the enactment of sound legislation and therefore a necessary part of a legislator's duties for each member of the House to return to his district on the weekends whenever possible during the Session to report to and consult with the constituents concerning legislative matters."
The question arises as to whether it is for the Supreme Court or the Legislature to determine what is "necessary travel."
As above noted broad powers were conferred by the people upon the legislative branch of our government by Article V, Section 36 of the Oklahoma Constitution when the following language was employed:
"`The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever.'" Dobbs v. Board of County Commissioners, 208 Okl. 514, 257 P.2d 802, 806 supra.
In Dixon v. Shaw, 122 Okl. 211, 253 P. 500, 501, 50 A.L.R. 1232, we said:
"Governmental ends under our political system, and the method and expenditures incidental to the proper reaching thereof, are placed in the hands of the sovereign legislature. It represents the will of the people in a degree no less conclusive than a constitutional convention, in all matters not either expressly or by clear implication prohibited by the basic law of the state. No one can call such body, or the members thereof, to account for its or their expenditure of public funds, or other matters brought within its control, save and except the people in their sovereign capacity, unless the power of the courts can be invoked to restrain and prevent the completion of a purpose expressed by such body in violation of the basic law of the state.
"What we have just said brings us to the first proposition announced by the plaintiffs, to the effect that the Legislature is sovereign, and has no limitations as to expenditures, either for its own members, or for other departments of state government, save and except where the Constitution of the state or nation has been fit to place an inhibition. This is so well recognized that it has become all but axiomatic. This court in many cases has clearly enunciated this rule, following both the logic and the reason of all the courts of this nation, both state and federal. * * *
"`The sovereign speaks through its legislative body, and the legislative body determines the policy of the sovereign which has no limitation as to expenditures, save and except those which are expressly placed on its exercise by the Constitution of the state. Graham v. Childers, State Auditor, [114 Okl. 38,] 241 P. 178.'"
By the adoption of House Resolution No. 523, supra, the House of Representatives of the Twenty-eighth Oklahoma Legislature has set forth its policy as to "necessary travel."
In Permanent A.L.R. Digest, Vol. 4, Courts, page 53, are annotations on the inquiry by Courts as to policy and necessity of legislation. Therein it is stated:
"The legislature alone may determine the policy of the state, and its will is supreme except where limited by constitutional inhibitions which, when invoked, present a question of power for the Courts to decide. State v. Revis, 50 A.L.R. 98, 193 N.C., 192, 136 S.E., 346.
"Whether the policy of the statute is economically sound or beneficial is *674 a matter for the legislature and not for the courts. Wholesale Tobacco Dealers Bureau v. National Candy and Tobacco Co., 118 A.L.R. 486, 11 Cal.2d 634, 82 P.2d 3.
"When the legislative purpose has been declared in plain and unmistakable language, it is not within the province of the court to interpose contrary views of what the public need demands, although as individuals the members of the court may hold convictions contrary to those of the legislature. Wait v. Pierce, 48 A.L.R. 276, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822."
In In re Flynn's Estate, 205 Okl. 311, 237 P.2d 903, 905, we said:
"The authority of the Legislature extends to all rightful subjects of legislation not withdrawn by the Constitution or in conflict therewith."
We conclude that the legislature, unless prohibited by the Constitution, has the right to declare what is necessary travel by its members. The Constitution does not contain such a prohibition, but expressly authorizes payment of ten cents per mile for every mile of necessary travel. We determine that it is for the legislature to declare what constitutes "necessary travel" for its members.
The legislature by the passage of H.B. No. 849 has defined "necessary travel" as not more than one round trip per week from a legislator's home to the place of meeting of the legislature.
"The function of the court is clearly limited to the determination of the validity or invalidity of the Act. There is a presumption that the Act is constitutional. * * * Courts must sustain statutes, if possible, and nullify them only when they are clearly unconstitutional." Application of Oklahoma Capitol Improvement Authority, Okl., 355 P.2d 1028, 1031.
We find no provision in the Constitution limiting the number of trips in going to and returning from the place of meeting of the legislature for which a member thereof may be paid mileage. There is no express prohibition against the allowance of mileage for one round trip per week.
In Dobbs v. Board of County Commissioners of Oklahoma County et al., supra, 257 P.2d 805, 806, we said:
"It is pointed out by defendants that a State Constitution is an instrument of limitations in the powers of the State government, while the Federal Constitution is a limited grant of power. Our Legislature is supreme, except as limited by the express provisions of our State Constitution. If there is any doubt as to the validity of an act of the Legislature the doubt must be resolved in favor of the constitutionality of the act of the Legislature. The rule is aptly expressed in Finerty v. Williams, 81 Okl. 10, 196 P. 709, 716, wherein it is stated:
"`All powers not specifically granted to the Congress of the United States or arising by implication therefrom are reserved to the states or the people thereof; hence the Legislature does not get its power from the Constitution of this state. The people of the state have, through its Constitution makers, the right to limit the power of the state Legislature, and any limitation on the power of the Legislature should arise only upon specific declarations and should be strictly construed against implied limitations and any doubt arising should be resolved in favor of the power of the Legislature. See Fletcher v. Peck, 6 Cranch 87, 3 L.Ed. 162; Golden v. Prince, 3 Wash.C.C. 313, Fed.Cas.No.5,509; Alabama & Florida Ry. Co. v. Burkett, 42 Ala. (83) 86-87."
We do not look to the Constitution to determine whether the Legislature is authorized to do an act but rather to see whether it is prohibited. If there is any doubt as to the Legislature's power to act in any given situation, the doubt should be resolved in favor of the validity *675 of the action taken by the Legislature. Restrictions and limitations upon legislative power are to be construed strictly, and are not to be extended to include matters not covered or implied by the language used.
Article 4, Section 21, of the Illinois Constitution S.H.A., provides that members of the State Legislature are to receive "* * * 10 cents for each mile necessarily traveled in going to and returning from the seat of government. * * *"
Title 63, Section 14 of the Illinois Statutes became effective in 1945. In part it provides that members of the State Legislature are to receive mileage for one round trip per week from their homes to the place of meeting of sessions of the Legislature.
The Illinois courts have not ruled on the constitutionality of said statute. The fact that it has not been challenged in the sixteen years it has been law would tend to support its constitutionality.
The Constitution of some states, e.g. Nebraska, limits to one a session the trips to and from the place of meeting of the Legislature for which members receive mileage. As we have stated previously herein the Oklahoma Constitution does not contain such a limitation. Had the framers of our Constitution intended such a limitation they could have placed such in the Constitution. Shaw v. Carter, 148 Okl. 57, 297 P. 273. By their failure to so limit the matter, it was left to the discretion of the Legislature.
In his brief defendant argues that "it apparently has not been the belief of any of the members of any of the 24 prior Oklahoma Legislatures, that they were entitled to receive, under the provisions of Section 21, Article 5, compensation at the rate of 10¢ per mile for week-end trips during either the regular or special sessions of said legislatures, since the only claims each such member filed for `each mile of necessary travel' was for one trip in going to and returning from such regular and special sessions, although said members, like the members of the present legislature, undoubtedly made weekend trips, from time to time, to their homes."
In support of this argument defendant cites the Rhode Island case of In re Opinion of the Justices of Supreme Court to the Governor, 35 R.I. 166, 85 A. 1056. Therein the court held that members of the General Assembly were not entitled to mileage going to and returning from the General Assembly each day. The premise of this decision was that since the adoption of the Rhode Island Constitution seventy years previously an allowance had not been made for mileage for more than one trip per session for each legislator.
We prefer the language used in the California case of Collins v. Riley, 24 Cal.2d 912, 152 P.2d 169, 172. Therein the court said:
"The fact that the Legislature has not hitherto made any provision for the reimbursement of legislators does not compel a holding that there has been a contrary construction by the Legislature, since, if it has a right to act, the mere failure to act cannot impair that right, nor can it be held to amount to a contrary construction."
Defendant argues that the only way in which the compensation of members of the Legislature may be increased legally is by a constitutional amendment. We agree. However, it is to be remembered that H.B. 849 does not increase the compensation. By the terms of this bill, members of the Legislature are not granted more mileage than they were entitled to receive before its passage. Prior to the enactment of this bill, members of the Legislature were entitled to mileage for each mile of "necessary travel" in going to and returning from the meeting of the Legislature. Such mileage could have consisted of trips of such frequency as the Legislature might have determined to be necessary. H.B. 849 restricts "necessary travel" to one such trip per week, perforce implying that trips of a frequency of not to exceed one per week are necessary.
*676 In our State Constitution, we have found no express prohibition or limitation upon the power of the Legislature to enact a law authorizing mileage for one trip per week from a legislator's home in his district to the place of meeting of the Legislature and return. We therefore conclude that defendant, State Budget Director of the State of Oklahoma, should recognize, audit, and allow plaintiff's mileage claim dated April 17, 1961, that being for a trip subsequent to the enactment of House Bill No. 849, supra, and all subsequent proper claims not inconsistent with the views expressed herein.
Writ granted.