TEACHER RETIREMENT SYSTEM — INVESTMENT IN STUDENT LOANS Mutual Funds or guaranteed student loans of the United States Government are available as investments to the Board of Trustees of the Teachers' Retirement System, provided that each individual investment must be considered factually and in accordance with the prudent man investment rule, to wit: "exercise in making such investments the judgment and care which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income as well as the possible safety of their capital." Not all mutual funds would be available for investment under the prudent man investment rule, and possibly not all guaranteed student loan programs would be available, each investment to be considered individually. We have considered your request for an opinion concerning whether the Teachers' Retirement Fund monies may be invested in guaranteed student loan programs of the United States and in Mutual Funds. Title 70 O.S. 17-107 [70-17-107] (1970), provides for the investment of the Teacher Retirement Funds, and provides in part, as follows: "The Board of Trustees shall be the trustees of the several funds created by this act and shall have full power to invest and reinvest such funds subject to the following limitations and restrictions: All retirement funds are received by the State Treasurer of Oklahoma from contributions of teachers and employers as herein provided may be invested in any property, real, personal or mixed in which an individual may invest his own funds. In making investments, the Board of Trustees shall exercise the judgment and care in the circumstances then prevailing, which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital. The provisions of this section shall not be construed to authorize the trustees to buy or sell property and investments from or to themselves personally or to commingle trust funds with their individual funds." The remainder of Section 17-107 provides other limitations upon the investment of the Teachers' Retirement Funds, but has no bearing upon the present questions. The provisions in sub-sections 1 through 5, which refer to percentage limitations on funds which may be placed in specified investments, in no way define or limit investments which may be made under the prudent man investment rule, which is outlined in the above quoted portion of the statute. We are of the opinion that Section 17-107 does no more than state the prudent man investment rule as outlined in 60 O.S. 161 [60-161] (1961). The rule was considered and explained in In Re Flynn's Estate, 205 Okl. 311, 237 P.2d 903 (1951), wherein the Court stated, as follows: "The evidence amply sustains the trial court in its finding: 'That prudent men, in accordance with the statutory standard, are set at the present time investing in stocks and obligations of corporations and in shares of investment trust companies. ' The trial court authorized the trustees to invest a portion of the trust funds in the securities mentioned in the petition upon condition that 'they exercise in making such investments the judgment and care which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital." (Emphasis added) The Flynn case appears to be conclusive on the question of whether Mutual Funds are an available investment under the prudent man investment rule, since Mutual Funds are a form of an investment trust. As to the question of guaranteed student loan programs of the United States, it is to be noted that 60 O.S. 175.46 [60-175.46] (1941), which preceded the prudent man investment rule set forth in 60 O.S. 161 [60-161] (1961), and which was more restrictive as to investments which could be made by trustees, listed as one of the available investments "loans secured by real estate or other sufficient collateral security." Assuming that the full faith and credit of the United States Government is behind the student loans as security, it is our opinion that such an investment would be proper under the prudent man investment rule. It is, therefore, the opinion of the Attorney General that Mutual Funds, or guaranteed student loans of the United States Government are available as investments to the Board of Trustees of the Teachers' Retirement System, provided that each individual investment must be considered factually in accordance with the prudent man investment rule, to wit: "exercise in making such investments the judgment and care which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income as well as the possible safety of their capital." In our opinion, certainly not all mutual funds would be available for investment under the prudent man investment rule, and we cannot find that all guaranteed student loan programs would be available, it being our opinion that each investment must be considered individually. (Gary M. Bush) ** SEE: OPINION NO. 91-011 (1991) **