Dear Representatives Rob Johnson,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. May ethics rules, newly promulgated by the Oklahoma EthicsCommission and presented to the Legislature in accordance withthe provisions of 3 of Article XXIX, Section 3 of the OklahomaConstitution, be considered and disapproved rule by rule, or mustthe Legislature, in order to disapprove a single rule, disapprovethe entire package of promulgated rules?
 2. If the Legislature, in considering newly promulgated ethicsrules, may consider disapproval of the rules presented on arule-by-rule basis, rather than as an entire package, may theLegislature disapprove portions of a single rule?
 I.
¶ 1 When the people of Oklahoma adopted Article XXIX of the Oklahoma Constitution, they created the Oklahoma Ethics Commission and vested the Commission with various powers. In pertinent part, 3 of Article XXIX empowers the Ethics Commission to promulgate ethics rules:
Ethics Rules.
 A. After public hearing, the Ethics Commission shall promulgate rules of ethical conduct for campaigns for elective state office and for campaigns for initiatives and referenda, including civil penalties for violation of these rules.
 B. After public hearing, the Ethics Commission shall promulgate rules of ethical conduct for state officers and employees, including civil penalties for violation of these rules.
(Emphasis added.)
¶ 2 As can be seen, these constitutional provisions empower the Ethics Commission to promulgate rules, including civil penalties for rule violations, in three areas:
 1. Rules of ethical conduct for campaigns for elected state office;
 2. Rules for the ethical conduct of campaigns for initiatives and referenda; and
 3. Rules of ethical conduct for state officers and employees.
¶ 3 While the Commission in the first instance promulgates ethical rules in these three areas, the rules promulgated by the Commission do not automatically become law. Rather, the Constitution requires that the Commission must present newly promulgated rules to the Legislature and the Governor. The Legislature, by joint resolution, subject to the Governor's veto, is then empowered to disapprove the rules presented, as provided in subsection C of 3 of Article XXIX, Section 3(C):
 C. Newly promulgated rules shall be presented to each House of the Legislature and to the Governor on the second day of each session of the Legislature. If these rules are not disapproved by joint resolution, subject to veto by the Governor, during the same legislative session, they shall be effective. In the event the Governor vetoes a joint resolution disapproving any Ethics Commission's rules, the procedure shall be the same as for the veto of any other bill or joint resolution. Effective Ethics Commission rules shall be published in the official statutes of the State.
(Emphasis added.)
¶ 4 Section Article XXIX, Section 3(D), at subsection D, also empowers the Legislature to repeal or modify "effective Ethics Commission rules":
 D. Effective Ethics Commission rules may be repealed or modified by the Commission, and the repeal or modification shall be submitted to the Legislature and the Governor in the same manner as newly promulgated rules. Effective Ethics Commission rules may also be repealed or modified by law passed by a majority vote of each House of the Legislature. If the Governor vetoes such a law, the procedure shall be the same as for the veto of any other bill or joint resolution.
(Emphasis added.)
¶ 5 As the Oklahoma Supreme Court held in Ethics Com'n v.Cullison, 850 P.2d 1069, 1075-76 (Okla. 1993), "These provisions clearly show that the power exercised in creating, modifying and repealing Ethics Commission Rules is shared between the Ethics Commission and the Legislature." (Emphasis added.) The Legislature's role in the shared process is limited: "The Legislature cannot control the ethical conduct of state officials by legislative enactments that completely bypass the Commission's rule-making authority." Id. at 1076. That is, in the areas of rulemaking granted the Commission, the Legislature may not initially draft the rules of conduct, nor may it modify proposed rules. Rather the ethical standards promulgated by the Commission must in the first instance either be accepted or rejected. Id.
¶ 6 The Constitutionally created Ethics Commission presented its initial package of ethics rules to the Legislature during its 1992 session. Ethics Com'n v. Cullison, 850 P.2d at 1071. The Legislature rejected that entire package. Id. Recognizing that the Legislature may not, in the first instance, enact legislation by completely bypassing the Commission's rulemaking authority, you now ask whether the Legislature can consider each proposed rule individually on its own merits. It should be noted that nothing in the Constitution appears to differentiate treatment of the initial rules in an organized package from the treatment of future packages of various and sundry unrelated proposed additions, modifications or deletions of rules which may through chance be submitted by the Commission in the same legislative session. Okla. Const. Article XXIX, Section 3.
¶ 7 The first question you ask is whether the Legislature, when presented with a single package of rules, is limited to accepting or rejecting the entire package, or conversely whether the Legislature may consider the merits of each proposed rule separately. Put another way, the question presented is whether the only method available to the Legislature to disapprove a single proposed rule is to disapprove the entire package of proposed rules.
¶ 8 In examining the constitutional provisions establishing the roles of the Commission and the Legislature in the ethics rulemaking process, we apply the rules of construction applicable to statutes, because constitutional provisions are generally construed using those same rules of construction. Cowart v.Piper Aircraft Corp., 665 P.2d 315, 317 (Okla. 1983). Indeed, framers of constitutional provisions are "presumed to be . . . familiar with settled rules of statutory and constitutional construction" and should "expect the courts to follow them. . . ." Wimberly v. Deacon, 144 P.2d 447, 450 (Okla. 1944).
¶ 9 Under these rules' of statutory construction, the various references in the Constitutional provisions under examination, to ethics "rules," or promulgated "rules," in the plural, are of limited aid in construing the intent of the people, as words used in the singular include the plural, and the plural the singular, except where a contrary intent plainly appears. See, e.g., Statev. Hamilton, 298 P.2d 1073, 1082 (Okla.Cr. 1956); 25 O.S. 25
(1991); 1 U.S.C.A. 1; the Uniform Statutory Construction Act, 3 14 U.L.A. at 396; and, 73 AM.JUR.2D, Statutes, 220 (1974).
¶ 10 Additionally, Article XXIX, Section 3 specifically recognizes that the Legislature may pass a joint resolution disapproving "any Ethics Commission rules." (Emphasis added.) It is well settled that "in the absence of a contrary definition of the common words used, courts must assume that the lawmaking authority intended for them to have the same meaning as that attributed to them in ordinary and usual parlance." E.g., RiffePetroleum Co. v. Great Nat. Corp., Inc., 614 P.2d 576, 579
(Okla. 1980). The word "any," in the context used in 3, in ordinary parlance means: "one indifferently out of more than two"; "one or another"; "one no matter what one"; and "one or some of whatever kind." Webster's Third InternationalDictionary, at 97. The Constitution's reference to disapproval of "any Ethics Commission rules," given the ordinary definition of "any," thus supports the view that the people anticipated that a joint resolution of the Legislature disapproving Commission rules could contain disapproval of less than all of the rules submitted.
¶ 11 Moreover, it is well settled that restrictions on legislative power are to be strictly construed. E.g., Tate v.Logan, 362 P.2d 670, 674-5 (Okla. 1961). A view that would limit the Legislature's authority to act upon the ethics rules individually would be a significant new restriction upon the authority of the Legislature to proceed in the same manner as it does with respect to the conduct of its other legislative business.
¶ 12 We find nothing in the language of Article XXIX, Section 3
of the Oklahoma Constitution which plainly expresses an intent contrary to that which results through application of these rules of construction. Section 3 talks in terms of disapproval of "any" Commission rules; indeed, 3 itself recognizes that there are three distinct areas in which Commission rules may be promulgated. In construing the provisions of 3 as a whole, we conclude that it was not the intent of the people to limit the Legislature's review of promulgated Commission rules by requiring that the Legislature only be able to consider the promulgated rules as an entire package. That is, we find it was not the people's intent to prohibit the Legislature from considering each proposed rule on its own merits.
¶ 13 There can be no doubt that in enacting Article XXIX of our Constitution, the people of Oklahoma wanted an ethical framework in place which would govern the ethical conduct of certain elections and public officials. Yet to adopt the view that the Legislature must accept "all or none" of the proposed rules, one must also be of the view that the people, at the same time, believed that to have no effective rules was better than to have each proposed rule accepted or rejected on its merits. That view, taken to its extreme, suggests that the people preferred to leave the Legislature free, year after year, to refuse to approve any ethics rules at all, rather than to give it the opportunity to adopt at least some. Not only is it highly unlikely the people contemplated such a result, it is entirely inconsistent with the broad authority the people in fact left in the hands of the Legislature. A restrictive view of the Legislature's power, a view that would require that in order to disapprove one rule, all rules must be disapproved, would be contrary to one of the primary purposes of the Section. The intent of the Section is to get ethics rules in place. Reading the section to require that, in order to get rid of one perceived "rotten apple," the Legislature would have to reject "the entire barrel of apples," would thwart this intent. Such an "all or nothing" construction could, year after year, well result in the state having no ethics rules at all.
¶ 14 In fact, in enacting Article XXIX, the people gave the Legislature specific and broad authority to modify, and even repeal, ethical rules, once they are effective. It is doubtful that on the one hand the people intended to restrict the Legislature's power to review the merits of each individual proposed rule — that instead they would prefer no rules at all — while, on the other hand, the people gave the Legislature a virtual free hand to act, once a rule is in place.
¶ 15 It is relevant, moreover, to note that at the time the Ethics Commission amendments to the Constitution were voted upon by the people, rulemaking for virtually every state agency in Oklahoma was, and continues to be, governed by the Administrative Procedures Act (APA), 75 O.S. 250 (1991) et seq., as amended. For more than thirty years, the Legislature has been authorized by the APA to consider and approve or disapprove agency rules on a rule-by-rule basis, even in situations where the proposed rules were intended to comprehensively address a new or entire subject. We find nothing in 3 of Article XXIX evidencing any intent by the people that the Legislature depart from this long-standing and well accepted practice of considering each proposed rule on its own merits.
¶ 16 Finally, we note that an "all or nothing" view of the Legislature's authority to act on Commission rules would permit a form of "administrative logrolling," a practice which in the legislative arena is prohibited and contrary to public policy. Okla. Const. Article V, Section 56 and Article V, Section 57;e.g., Johnson v. Walters, 819 P.2d 694, 697 (Okla. 1991);Campbell v. White, 856 P.2d 255, 258 (Okla. 1993); and Binionv. Okla. Gas Elec. Co., 114 P. 1096, 1098 (Okla. 1911). An "all or nothing" construction has the same dangers and permits the same mischief as legislative "log rolling" — the combining of undesirable provisions on one subject in the same bill with desirable provisions on another subject, in order to secure approval of the undesirable provision. For example, under an "all or nothing" construction, a controversial rule decreasing campaign contribution limits in campaigns for elected state office to $50.00 could be included in a package of rules on the conduct of state officers and employees which all parties agree are needed and desirable, in an effort to secure approval of the controversial rule decreasing contribution limits. The combining of undesirable provisions with desirable ones, in a context where there is no ability to act on the provisions individually, creates an untenable dilemma for those who must nevertheless act. We believe that a construction of the Constitution which authorizes such "administrative log-rolling" and thereby creates such a dilemma, defeats the balance of "power . . . shared between the Ethics Commission and the Legislature," to which theCullison Court referred.850 P.2d at 1075-1076.
¶ 17 We thus conclude that the people intended that review of the proposed Ethics rules by their elected representatives be a check on the Commission's actions, a critical review of the Commission action — a critical review of each proposed rule on its own merits. In short, we conclude it was not the people's intent to limit the review of a proposed rule on its merits, nor was it their intent to require that an entire package of Ethics Commission rules be "held hostage" and thus fail because of one controversial rule, which the Legislature finds unacceptable. Thus, we conclude that the Legislature may consider and disapprove each proposed Ethics Commission rule on its own merits, rule-by-rule.
 II.
¶ 18 Your second question asks whether the Legislature may disapprove portions of rules, rather than the rule as a whole. The Constitution clearly prohibits the Legislature from repealing or modifying proposed Commission rules. Rather, the Legislature may, through the enactment of legislation, only repeal or modifyeffective Commission rules — rules promulgated by the Commission which became effective because the Legislature has not disapproved them. Okla. Const. Article XXIX, Section 3(D). This being the case, the Legislature, in considering whether to disapprove a proposed Commission rule, may not disapprove only part of a single rule, since partial disapproval of an ethics rule would constitute a "modification of the proposed rule," an act outside the Legislature's power. In short, in considering the merits of each promulgated ethics rule, the Legislature may not edit the rule by disapproving portions or subsections of the rule; rather, each rule must be accepted or rejected as presented.
¶ 19 In providing that the Legislature is only empowered to modify or repeal effective Commission rules, the Constitution ensures that the Commission, in every instance, will be afforded the opportunity to initially draft rules within its area of jurisdiction. If we were to hold that the Legislature was empowered to disapprove portions of a rule, we would be permitting the Legislature to have a hand in the initial drafting. Such is not permitted under the Constitutional provisions. When only a portion of the rule is found to be undesirable, the Legislature must nevertheless consider the rule as a whole, and may not disapprove a portion of the rule.
¶ 20 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Enactment by the people of Article XXIX of the OklahomaConstitution reflects a strong public policy that this State,through the shared power of the constitutionally created EthicsCommission and the Legislature, have in place rules governing theethical conduct of certain political campaigns and publicofficials. The view that the people, in adopting theseconstitutional provisions, believed it was better to have noeffective Ethics Commission rules, than to permit each rule tostand or fall on its individual merit, is inconsistent both withthe Constitution's plain language, and with a strong publicpolicy that we have ethical rules in place. Such an "all ornothing" view is also inconsistent with the broad authority thepeople left in the hands of the Legislature to modify or evenrepeal effective rules, and would create the danger of"administrative log-rolling." As neither the plain language ofthe Constitution, nor the public policy it reflects, supports theview that the Legislature may not judge the appropriateness ofeach proposed rule on its individual merits, we find that theLegislature may judge each proposed rule on its individual meritsand is not required to accept or reject the package of proposedrules in its entirety. That is, the Legislature may disapprove anindividual Ethics Commission rule, without having to disapprovethe entire package of proposed rules.
 2. The Legislature, however, in considering the merits of anindividual Ethics Commission rule, may not disapprove only aportion of the rule. Rather, each proposed rule must be acceptedor rejected as presented. Okla. Const. article XXIX, Section 3.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER ASSISTANT ATTORNEY GENERAL