Dear Executive Director Leone,
¶ 0 This office has received your request for an Attorney General Opinion addressing the following questions:
1. Does 70 O.S. Supp. 1998, § 4669, which requires theBoard of Regents of Oklahoma Colleges to govern Rogers StateUniversity, violate OKLA. CONST., art. XIII-B, § 2, which namesspecific institutions that the Board will govern?
 2. Does the 47 superth Oklahoma Legislature's S.B. 164, to becodified at 70 O.S. Supp. 1999, § 4669.1, which transfersgovernance of Rogers State University from the Board of Regentsof Oklahoma Colleges to the Board of Regents for the Universityof Oklahoma, violate any provision in the Oklahoma Constitution?
 State Constitution and Legislative Power
¶ 1 The Oklahoma Constitution differs from the United States Constitution. While the federal document grants power to Congress, the Oklahoma Constitution does not give any power to the Legislature. See Dobbs v. Board of County Com'rs of OklahomaCounty, 257 P.2d 802, 806 (Okla 1953). Instead, Oklahoma's Constitution places limitations on powers the State already has because of its nature as a State; therefore, the Legislature may enact whatever laws it sees fit unless it is "limited by the express provisions" of the State Constitution.[1] Id. at 805-6.
¶ 2 "The authority of the legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever." OKLA. CONST., art. V, § 36. Therefore, a reviewer does not look to the Constitution "to determine whether the Legislature is authorized to do an act but rather to see whether it is prohibited." Tate v. Logan, 362 P.2d 670, 674 (Okla. 1961). On review, a legislative enactment is deemed constitutional "unless its unconstitutionality is shown beyond a reasonable doubt." Board of Regents of Oklahoma AM Colleges v.State Regents for Higher Education, 497 P.2d 1062, 1069 (Okla. 1972).
 Board of Regents of Oklahoma Colleges
¶ 3 The Constitution creates the Board of Regents of Oklahoma Colleges (College Regents). See OKLA. CONST., art. XIII-B, § 1. The Constitution also identifies schools the College Regents will manage:
 The said Board of Regents of Oklahoma Colleges shall hereafter have the supervision, management and control of the following State Colleges: Central State College at Edmond; East Central State College at Ada; Southwestern Institute of Technology at Weatherford; Southeastern State College at Durant; Northwestern State College at Alva, and the Northeastern State College at Tahlequah, and the power to make rules and regulations governing each of said institutions shall hereafter be exercised by and is hereby vested in the Board of Regents of Oklahoma Colleges created by this Act, and said Board shall appoint or hire all necessary officers, supervisors, instructors, and employees for such institutions.
OKLA. CONST., art. XIII-B, § 2.
¶ 4 This section does not expressly prohibit the Legislature from adding other colleges to the list of schools that the College Regents will manage. No other provision in the Constitution forecloses the Legislature's option to add other schools, although other constitutional sections place some colleges under different boards of regents as will be discussed below.
¶ 5 When determining the meaning of a statutory provision, a rule of statutory construction often applied is the maximexpressio unius est exclusio alterius, "the expression of one thing excludes another thing." The tendency may be to apply this rule to find that the Legislature cannot add to the list of schools under the College Regents; however; such an application ignores two legal standards. First, expressio unius est exclusioalterius generally cannot restrict a plenary power of the Legislature. See Myers v. Oklahoma Tax Commission,303 P.2d 442, 447 (Okla. 1956). Second, the language of the Constitution itself forbids the use of the maxim as seen in OKLA. CONST., art. V, § 36 quoted above. Section 36's purpose is "to preclude the idea of exclusion of power by implication." Board of Regents ofthe Univ. of Oklahoma v. Baker, 638 P.2d 464, 466 at n. 3 (Okla. 1981).
 [A]n inherent power in the Legislature cannot be excluded by mere implication arising from the fact that the Constitution granted specific powers but failed to mention or provide for such inherent power. If such power is to be excluded by implication the express power enumerated should be accompanied by negative terms whereby such exclusion would arise by reasonable implication. Myers, 303 P.2d at 447
(citation omitted). The section listing the College Regents' schools contains no negative terms whatsoever; therefore, the Legislature is not limited impliedly by the section.
 Limits on Power to Add Other Schools
¶ 6 While the Legislature may add other institutions to the list managed by the College Regents, it may not add any college it chooses because the Constitution specifies certain schools will be managed by other boards of regents. The University of Oklahoma must remain under the Board of Regents for the University of Oklahoma (OU Regents). See OKLA. CONST. art. XIII, § 8. Oklahoma State University and the other agricultural and mechanical colleges must remain under the Board of Regents for Oklahoma State University and the Agricultural and Mechanical Colleges (AM Regents). See OKLA. CONST. art. VI, § 31a. A school, other than Oklahoma State University, may be removed from the AM Regents "when an institution offers courses of study in agriculture and other allied courses of study, but its courses of study give predominant emphasis to [other] education[.]" Boardof Regents for and on behalf of Murray State College of Agric.And Applied Science v. Oklahoma State Regents for Higher Educ.,497 P.2d 1062, 1069 (Okla. 1972).
¶ 7 Whether Rogers State University (RSU) can be added to the OU Regents governing list is discussed below.
¶ 8 Agricultural and mechanical colleges must be placed under the supervision of the AM Regents, pursuant to OKLA. CONST. art. VI, § 8, which states in pertinent part. "There is hereby created a Board of Regents for the Oklahoma Agricultural and Mechanical College[2] and all Agricultural and Mechanical Schools and Colleges maintained in whole or in part by the State."
¶ 9 Since this section requires agricultural and mechanical colleges to be governed by the AM Regents, a determination must be made whether Rogers State University is an AM school. At this point, a synopsis of RSU's history is necessary. RSU began as the Oklahoma Military Academy, operating under its own board of regents. See 1965 Okla. Sess. Laws ch. 396, § 801. In 1971, the Legislature changed the school to Claremore Junior College. See
1971 Okla. Sess. Laws ch. 116, § 1. Eleven years later, the institution became Rogers State College. See 1982 Okla. Sess. Laws ch. 62, § 2. The college merged with the University Center at Tulsa, a cooperative effort of higher education schools including two agricultural and mechanical schools and two non-AM schools, during the following decade to create Rogers University.See 1992 Okla. Sess. Laws ch. 223, § 2 and 1996 Okla. Sess. Laws ch. 5, § 2. Shortly thereafter the school was separated into two institutions: Rogers State University in Claremore and Oklahoma State University/Tulsa, with RSU under the College Regents. See 70 O.S. Supp. 1998, §§ 4669[70-4669] and 4670. The following year, the Legislature removed RSU's management from the College Regents and placed supervision under the OU Regents. S.B. 164 to be codified at 70 O.S. Supp. 1999, § 4669.1[70-4669.1].
¶ 10 Whether RSU is an agricultural and mechanical school raises mixed questions of law and fact. The fact questions are beyond the purview of an Attorney General Opinion, but the legal issues may be discussed. See 74 O.S. Supp. 1998, § 18b[74-18b](A)(5).
¶ 11 The Legislature recognizes five AM Colleges: OSU, Panhandle State University, Langston University, Connors State College of Agriculture and Applied Science, and Northeastern Oklahoma Agricultural and Mechanical College. See 70 O.S.Supp. 1998, § 3412[70-3412]. RSU obviously is not one of these.
¶ 12 Until the most recent changes, the Legislature did not establish a statutory mission for RSU. The name "Oklahoma Military Academy" suggests that the original educational emphasis was not on agricultural and mechanical education. Later emphasis cannot be determined from statutory sources. In RSU's most recent incarnation, the Legislature directed the school to serve as a "community college" and a "regional institution." See 70 O.S.Supp. 1998, § 4669[70-4669]. These terms do not indicate whether RSU is an agricultural and mechanical college.
¶ 13 The Oklahoma Supreme Court has indicated that status as a federal land-grant college under 7 U.S.C. § 301-397 would make a school an AM college. See Murray State College,297 P.2d at 1066. Neither State nor federal statutes indicate RSU was founded as a land-grant college. Governance by the Oklahoma State Board of Agriculture prior to the 1944 constitutional amendment creating the AM Regents also might show the institution is an AM college. See id. Review of the law does not reveal the Board of Agriculture ever governed RSU.
¶ 14 RSU's former merger with an institution that included two AM schools may or may not indicate an agricultural and mechanical emphasis. The later separation of OSU/Tulsa from RSU may indicate that if an AM emphasis ever existed, it has moved into the separate OSU/Tulsa entity. Whether RSU's predominant educational emphasis is on agricultural and mechanical subjects or other subjects cannot be determined by a study of the law. No law requires RSU to be an agricultural and mechanical college. Final determination must be made through factual inquiry. If an investigation into the facts determines that RSU's predominant emphasis is agricultural and mechanical studies, then the Legislature's placement of the school under the College Regents would be unconstitutional. If RSU's predominant emphasis is not AM subjects, the placement would be permitted.
 Board of Regents for the University of Oklahoma
¶ 15 The OU Regents were created by the Constitution. See OKLA. CONST. art. XIII, § 8, which states in pertinent part, "The government of the University of Oklahoma shall be vested in a Board of Regents consisting of seven members to be appointed by the Governor by and with the advice and consent of the Senate." That provision does not limit the Legislature's ability to add other schools to the OU Regents' supervision for the same reasons discussed above for the College Regents.
¶ 16 Because the Constitution lists the schools that must be supervised by the College Regents, the Legislature may not place Central State College at Edmond; East Central State College at Ada; Southwestern Institute of Technology at Weatherford; Southeastern State College at Durant; Northwestern State College at Alva, or Northeastern State College at Tahlequah under the OU Regents for reasons discussed above. RSU is not on the list.
¶ 17 Likewise, the Legislature may not place an agricultural and mechanical college under the OU Regents for the reasons discussed above. The answer to the factual question whether RSU's predominant emphasis is agricultural and mechanical will determine whether the Legislature properly placed RSU under the OU Regents. If RSU is an AM college, then the Legislature would have violated OKLA. CONST. art. VI, § 31a by placing the school under the OU Regents; if RSU is not an AM college, then the Legislature acted appropriately.
¶ 18 It is therefore the official Opinion of the AttorneyGeneral that:
 Article XIII-B, § 2 of the Oklahoma Constitution, which placescertain colleges under the supervision of the Board of Regents ofOklahoma Colleges, does not limit the Legislature's ability toplace additional colleges under the Board's governance; however,Article VI § 31a and Article XIII, § 8 of the OklahomaConstitution prohibit the Legislature from placing the Universityof Oklahoma, Oklahoma State University, or any agricultural andmechanical college under the Board's management.
 Article XIII, § 8 of the Oklahoma Constitution, placing theUniversity of Oklahoma under the governance of the Board ofRegents for the University of Oklahoma, does not limit theLegislature's ability to place additional colleges under theBoard's governance; however, Article VI, § 31a and ArticleXIII-B, § 2 prohibit the Legislature from placing Oklahoma StateUniversity, any AM college, or any institution listed in ArticleXIII-B, § 2 under the OU Board's management. Rogers StateUniversity is not among the institutions listed in ArticleXIII-B, § 2.
 Whether Rogers State University is an agricultural andmechanical college is a mixed question of law and fact. Oklahomalaw does not make RSU an AM college. The fact question cannot beaddressed by an Attorney General Opinion.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ANDREW TEVINGTON ASSISTANT ATTORNEY GENERAL
[1] Obviously, the U.S. Constitution's limitations on the States also limit the Legislature.
[2] The Legislature changed Oklahoma Agricultural and Mechanical College's name to Oklahoma State University. See 70O.S. 1991, § 3401[70-3401].